# EXHIBIT C

```
                UNITED STATES BANKRUPTCY COURT
                  DISTRICT OF NEVADA (LAS VEGAS)

                                    .
IN RE:                              .  Case No.  21-14486-abl
                                    .  Chapter 7
INFINITY CAPITAL MANAGEMENT,        .
INC.,                               .
                                    .
           Debtor.                  .
                                    .
. . . . . . . . . . . . . . . . . . .
HASELECT-MEDICAL RECEIVABLES        .  Adv.  No.  21-01167-abl
LITIGATION FINANCE FUND             .
INTERNATIONAL SP,                   .
                                    .
           Plaintiff,               .
                                    .
v.                                  .
                                    .  300 Las Vegas Blvd. S.
TECUMSEH-INFINITY MEDICAL           .  Las Vegas, NV 89101
RECEIVABLES FUND, LP,               .
                                    .  Monday, August 28, 2023
           Defendant.               .  9:32 a.m.
. . . . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF TRIAL RE: (DAY 3) ADVERSARY CASE 21-01167,
COMPLAINT FILED BY HASELECT-MEDICAL RECEIVABLES LITIGATION
FINANCE FUND INTERNATIONAL SP VS. TECUMSEH-INFINITY MEDICAL
RECEIVABLES FUND, LP, FEE AMOUNT 350 [1]
BEFORE THE HONORABLE AUGUST B. LANDIS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES CONTINUED.

Audio Operator:           Andrea Mendoza, Remote ECR

                          Maribel Rowa, Remote ECR

Transcription Company:    Access Transcripts, LLC
                          10110 Youngwood Lane
                          Fishers, IN 46048
                          (855) 873-2223
                          www.accesstranscripts.com


   Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

APPEARANCES (Continued):

For the Plaintiff:	Shea Larsen
By:  BART K. LARSEN, ESQ.
     KYLE M. WYANT, ESQ.
1731 Village Center Circle
Suite 150
Las Vegas, NV 89134
(702) 471-7432

For the Defendant:	Akerman LLP
By:  MICHAEL D. NAPOLI, ESQ.
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
(214) 720-4300

Garman Turner Gordon
By:  JARED M. SECHRIST, ESQ.
7251 Amigo Drive, Suite 210
Las Vegas, NV 89119
(702) 637-7261

1  paid, plus a 30-percent upfront load" commission -- load, and
2  then in parentheses, "commissions, operating costs, fees."  Do
3  you see that?
4  A    Yes.
5           MR. LARSEN:  So move to admit Exhibit 18, Your Honor.
6           MR. NAPOLI:  No objection, Your Honor.
7           THE COURT:  Exhibit Number 18 has been offered into
8  evidence.  No objection to its admission having been lodged.
9  Exhibit Number 18 is admitted for all purposes in connection
10 with this trial.
11         (Plaintiff's Exhibit 18 admitted into evidence)
12         THE COURT:  You may proceed, Mr. Larsen.
13 BY MR. LARSEN:
14 Q    So then, going back to the spreadsheet attached to Exhibit
15 7.
16 A    Okay.
17 Q    So the receivables cost column, again, in that
18 spreadsheet, those figures have been inflated by 30 percent,
19 correct?
20 A    Well, that's what the email said, but it was never a
21 standard 30 percent.  So the number could fluctuate.  Based on
22 the email, you can say it was 30 percent, but it was not always
23 30 percent, right.  So I -- I don't -- I cannot tell from those
24 numbers what the additional costs were.
25 Q    Okay.  But it would have been something around 30 percent,

1  maybe 25, maybe 35, maybe 40.  Is that fair?
2  A    Yeah, depended on the receivable, right, the cost.  So in
3  that range, between 15 and maybe 40 percent.  I don't know.
4  Q    You never informed Michael Griffin or Debbie Griffin that
5  the receivables cost reflected in these draw requests had been
6  inflated by those percentages, correct?
7  A    No, that's not correct.  Because they knew -- at least, we
8  -- the person I talked to, which was Simon Clark, that the
9  prior contracts we had with the Law Finance Group, we had
10 additional fees in there that were paid.  And we brought that
11 up in the very beginning with Debbie, and she said she doesn't
12 want to see those fees in the spreadsheet, she just wants the
13 cost of the receivable and the gross fee amount.  And Simon
14 Clark stated the cost cannot be higher than 50 percent of the
15 gross fee amount.  That was kind of the -- the -- the range of
16 the discussions, but that there's a cost to it was disclosed
17 very beginning -- in the very beginning because we had this
18 deal with Law Finance Group, and there was also costs that we
19 got paid for, and they reviewed those receivables.  They
20 ultimately -- ultimately even bought those receivables off of
21 Law Finance Group, so -- so they knew exactly that there was an
22 additional cost in there.
23 Q    If you go back to Page 1 of Exhibit 7, the draw request,
24 the purpose of the advance states it's to acquire medical
25 receivables, correct?

capable hands.

With that, Dr. Hemmers, you're excused until tomorrow at 9:15. And so is everyone else here. Counsel, you've done yeoman's work today. I appreciate your patience with the Court and trying to accommodate the schedules of the witnesses. We'll take up tomorrow at 9:15.

MR. LARSEN: Thank you, Your Honor.

MR. NAPOLI: Thank you, Your Honor.

THE CLERK: Thank you, Your Honor. All rise.

(Proceedings concluded at 7:11 p.m.)

\* \* \* \*

**C E R T I F I C A T I O N**

I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

ALICIA JARRETT, AAERT NO. 428     DATE: September 21, 2023
ACCESS TRANSCRIPTS, LLC